IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

SONJA JEDZINIAK,

    Plaintiff

v.                                              Civil Action Number:

NORFOLK SOUTHERN RAILWAY
COMPANY,

    Defendant.

## COMPLAINT

AND NOW, comes the plaintiff, Sonja Jedziniak, by and through her attorney, Gregory G. Paul, and files the following Complaint under the Rehabilitation Act, the Americans with Disabilities Act, Title VII, and the Pennsylvania Human Relations Act.

## Parties

1. The plaintiff, Sonja Jedziniak is an adult individual, residing in Coplay, PA 18037 (Lehigh County).

2. The defendant, Norfolk Southern Railway, hereinafter referred to as ("Norfolk"), is a corporation engaged in interstate commerce employing more than 15 persons who work in several states, primarily engaged in railroad transportation. Norfolk maintains its corporate offices at 3 Commercial Place, Norfolk, VA 23510-2108 and does business in twenty-one states and within the Eastern District of Pennsylvania.

## Jurisdiction and Venue

3. This is an action under the Section 504 of the Rehabilitation Act of 1973, as amended, ("Rehabilitation Act"), 29 U.S.C. §794 et seq. and under the Americans with Disabilities Act, Title VII and the Pennsylvania Human Relations Act. Plaintiff seeks

1

declaratory, injunctive and compensatory and punitive relief for denial of employment on the basis of disability as defined by the applicable statutes, denial of a reasonable accommodation by Norfolk, and retaliation under Title VII.

4. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because the defendant resides within this district and a substantial part of the events giving rise to the claim occurred in this district.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343. This action is authorized and instituted pursuant to Section 504 of the Rehabilitation Act and under the Americans with Disabilities Act and Title VII. Plaintiff's claims under the Pennsylvania Human Rights Commission are proper under principles of supplemental jurisdiction.

6. The defendant is a covered employer within the meaning of the Rehabilitation Act, ADA and Title VII because, among other things, they employ the requisite number of employees during the relevant time period.

7. The Plaintiff was denied employment because of her disability or was regarded as disabled based on a perception that she was substantially limited in one or more major life activities and/or was regarded as disabled or record of disability by Norfolk that this disability prevented her from performing the job held or desired and was refused an accommodation by Norfolk for her medical conditions. At all times relevant to this lawsuit, Plaintiff was a qualified individual with a disability who possessed the requisite qualifications to perform the essential functions of her job and other available jobs, with or without an accommodation. Additionally, plaintiff avers that she was retaliated against for her prior protected activities under Title VII including but not limited to defendant's failure to return her to employment on the railroad.

8. At all relevant times, Norfolk has received federal financial assistance, thereby rendering Section 504 of the Rehabilitation Act applicable to its employment programs and activities.

## Statement of Facts

9. Sonja Jedziniak was employed with Norfolk Southern as a conductor from June 21, 2014 until her termination on June 17, 2016.

10. On or about August 16, 2014, Ms. Jedziniak made a complaint of sexual harassment against a trainmaster. Although the allegations were made against a trainmaster, Mr. Griffin, plaintiff's supervisor, Steve Smyth was involved in the investigation.

11. Ms. Jedziniak was on approved medical leaves of absence in 2015 and 2016 including FMLA and for pregnancy. Specifically, she was placed on a weight lifting restriction throughout the remainder of her pregnancy through the delivery date of June 27, 2016. Norfolk Southern did not provide reasonable accommodations, and instead required she apply for long-term disability.

12. Despite being aware of her need for medical leave and the lifting restriction associated with her pregnancy, Norfolk Southern requested additional medical information.

13. Ms. Jedziniak signed a medical authorization and faxed medical documentation in her possession to the attention of the medical department in Norfolk, Virginia.

14. Ms. Jedziniak also called and sent text messages to her supervisor, Steve Smyth, concerning her efforts to provide documentation to the medical department.

15. Norfolk Southern charged Ms. Jedziniak for failure to follow instructions despite her efforts to contact the medical department and provide documentation. Anita Euell, a nurse in

the NS medical department, called Ms. Jedziniak and confirmed receipt of medical documentation.

16. Defendant's charge and termination on the basis that she failed to follow instructions was pretext for discrimination and retaliation.

17. As a result of the above conduct including violation of the Americans with Disabilities Act, as amended, and Title VII based upon sex, pregnancy and retaliation, Ms. Jedziniak has suffered damages including lost wages, compensatory and punitive damages, attorney fees, costs and other equitable relief including front pay and/or reinstatement.

## Count I

### Allegations of Defendant's Violation of the Rehabilitation Act

18. Ms. Jedziniak incorporates by reference all of the above allegations set forth in this Complaint.

19. Ms. Jedziniak was at all relevant times capable of performing the essential functions of a conductor position, with or without reasonable accommodations, and in the alternative the essential functions of alternate positions for which she was qualified.

20. Ms. Jedziniak was not allowed to return to work, because Ms. Jedziniak was disabled, regarded as disabled and/or had a record of disability within the meaning of the Rehabilitation Act, with or without reasonable accommodations.

21. As a result of this conduct, Norfolk has caused Ms. Jedziniak the loss of wages and other job benefits and emotional and other harm.

## Count II

### Allegations of Defendant's Violation of the Americans With Disabilities Act

22. Ms. Jedziniak incorporates by reference all of the above allegations set forth in this Complaint.

23. Ms. Jedziniak was capable of performing the essential functions of a conductor position, with or without reasonable accommodations, and in the alternative the essential functions of alternate positions for which she was qualified.

24. Ms. Jedziniak was not allowed to return to work, because Ms. Jedziniak was disabled, regarded as disabled and/or had a record of disability within the meaning of the American with Disabilities Act with or without accommodations.

25. As a result of this conduct, Norfolk has caused Ms. Jedziniak the loss of wages and other job benefits and emotional and other harm and punitive damages.

## Count III

### Allegations of Defendant's Violation of the Pennsylvania Human Relations Act

26. Ms. Jedziniak incorporates by reference all of the above allegations set forth in this Complaint.

27. Ms. Jedziniak was all relevant times capable of performing the essential functions of a conductor position, with or without reasonable accommodations, and in the alternative the essential functions of alternate positions for which she was qualified.

28. Ms. Jedziniak was not allowed to return to work, because Ms. Jedziniak was disabled, regarded as disabled and/or had a record of disability within the meaning of the PHRA with or without accommodations.

29. As a result of this conduct, Norfolk has caused Ms. Jedziniak the loss of wages and other job benefits and emotional and other harm.

### Count IV

### Retaliation Under Title VII

30. Plaintiff repeats and realleges each and every allegations of this complaint with the same force and effect as if fully set forth herein.

31. Ms. Jedziniak engaged in protected activity when she made complaints of sexual harassment concerning a trainmaster, Mr. Griffin, and involvement by her supervisor, Steve Smyth.

32. By the acts above, the defendant, Norfolk Southern Railway, has violated Title VII of the Civil Rights Act, as amended, by retaliating against her because of her informal and formal complaints made against the company based upon sexual harassment.

33. The defendant's acts were with malice and reckless disregard for plaintiff's federally protected civil rights.

34. As a result of defendant's discriminatory practices through retaliation, plaintiff has suffered lost wages and other economic benefits of her employment with defendant and suffered emotional distress.

### Count V: Title VII -Pregnancy Discrimination

35. Paragraphs 1 through 32 above are incorporated herein by reference as though fully set forth.

36. Defendant violated Title VII of the Civil Rights Act of 1964, and specifically, the Pregnancy Discrimination Act, by its failure and refusal to allow Plaintiff to perform the position for which she was hired, and ultimately terminating her from her position.

37. Plaintiff seeks all rights and remedies to which she is entitled pursuant to Title VII and the Pregnancy Discrimination Act, and PHRA, including lost wages, lost benefits, compensatory damages, punitive damages, declaratory and injunctive relief, and attorney's fees and costs.

### Count VI: Gender Discrimination: Title VII & PHRA

38. Paragraphs 1-35 above are incorporated herein by reference as though fully set forth.

39. Defendant treated Ms. Jedziniak differently than men with similar lifting restrictions and terminated Ms. Jedziniak because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1) and the Pennsylvania Human Relations Act.

40. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

### PRAYER FOR RELIEF (All Counts)

WHEREFORE, Ms. Jedziniak demands: (1) judgment against defendant jointly and severally in an amount to make her whole for all damages suffered by her as a result of defendant's violation of Rehabilitation Act, Americans with Disabilities Act, and Pennsylvania Human Relations Act, and under Title VII, including, but not limited to, damages for back pay and benefits, front pay, compensatory damages, punitive damages and all other damages recoverable under the above laws plus prejudgment and other interest; (2) that this Court enjoin defendant from further violating the above laws; (3) that this Court order defendant to reinstate Ms. Jedziniak to the position she held when defendant unlawfully discharged her with all

seniority and benefits she would have otherwise accrued had not defendant violated the above laws; (4) that this Court award Ms. Jedziniak expert witness fees, attorneys' fees and the cost of bringing this action and, (5) that this Court grant her all other relief that she is entitled to under law and equity.

**A JURY TRIAL IS DEMANDED.**

DATED: April 9, 2018

                                               Respectfully submitted,

                                               MORGAN & PAUL, PLLC

                                               GREGORY G. PAUL
                                               PA ID #83334
                                               100 First Avenue, Suite 1010
                                               Pittsburgh, PA  15222
                                               (412) 259-8375 (telephone)
                                               (888) 822-9421 (facsimile)
                                               gregpaul@morgan-paul.com
                                               Attorney for Plaintiff